**ALBERT FADEM TRUST, Lloyd R. Fadem, as trustee on behalf of themselves and all others similarly situated and Pompano Beach Police & Firefighters' Retirement System, Plaintiffs–Appellants,**

**McClure Family Trust, Gary S. Tweed, Arlene Swenson, Thomas Cerchia, G.M.O. Pelican Fund, Stanley Holt William Mayo, Khusal Mehta, Karen Picciano, Jerry Robertson, Natcan Investment Management, Inc., Paul Tanners, D'Alleissi Trust, Richard Johnston, Laurence E. Balfus, Holly C. Clark, Paul J. Clark, Scott Johnston, Heather Bjork, James B. Howard, Charles E. Burton, Joanne Settelen, Sandra Joan Revocable Trust, David Irwin, Frederic Ian Fischbein and Colbert Birnet, L.P., Consolidated–Plaintiffs–Appellants,**

v.

**CITIGROUP INC., Sanford I. Weill and Todd Thomson, Defendants–Appellees.**

No. 04–5642–CV.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

Melvyn I. Weiss (Sanford Dumain, Christian Siebott, and Ann M. Lipton, on the brief), Milberg Weiss Bershad & Schulman LLP, New York, N.Y. (David Kessler, Schiffrin & Barroway, LLP, Radnor, Pennsylvania), for Appellants, of counsel.

Richard A. Rosen (Brad S. Karp, Mark F. Pomerantz, Michael E. Gertzmzan, Claudia L. Hammerman, Jonathan H. Hurwitz, Umair A. Muhajir, Sandeep N. Solanki, on the brief) Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. JAMES L. OAKES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

The Albert Fadem Trust and Pompano Beach Police & Firefighters Retirement System ("Plaintiffs") appeal the dismissal of their putative class action alleging securities fraud by Defendant Citigroup, Inc. ("Citigroup"), its wholly-owned investment banking subsidiary Salomon Smith Barney Holdings, Inc. ("SSB"), and several of Citigroup's current and former officers and directors ("individual defendants"). Plaintiffs assert claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("the Exchange Act"); Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5; and section 20(a) of the Exchange Act, 15 U.S.C. § 78t; during a class period of July 24, 1999 to December 11, 2002. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

This case arises in the wake of the calamitous bankruptcy of the Enron Corporation in late 2001. Plaintiff's Amended Consolidated Class Action Complaint ("Complaint") alleges that, with respect to transactions with Enron Corporation ("Enron"), Dynegy Inc. ("Dynegy"), and World-com Inc. ("Worldcom"), Defendants failed to conduct Citigroup's business in accordance with risk management policies detailed in Citigroup's public disclosures, omitted certain financial information from its public statements, and made affirmative misrepresentations relating to Citigroup's own financial condition in light of its relationships with these faltering companies. The district court dismissed Plaintiffs' Complaint, holding that it failed to state a claim for securities fraud under section 10(b) of the Exchange Act and failed to plead adequately that Defendants had made, with the requisite scienter, one or more false statements or omissions of material fact.

Complaints alleging securities fraud must comport with the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b), and Federal Rule of Civil Procedure 9(b). To state a claim for securities fraud, the PSLRA requires, *inter alia*, that a plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). The state of mind captured by this requirement "can be satisfied by pleading either conscious recklessness—i.e., a state of mind approximating actual intent, and not merely a heightened form of negligence—or actual intent." *Novak v. Kasaks,* 216 F.3d 300, 312 (2d Cir.2000) (internal quotation marks omitted). Plaintiffs argue that the Complaint satisfies both of these methods of proof. We disagree.

The statements by Defendants that Plaintiffs characterize as demonstrative of "actual intent" or as "admissions" of the requisite intent do not bear that interpretation. While several of Plaintiffs' allegations, the strongest of which are based on internal memoranda, assert facts that suggest that management was bending over

backwards to accommodate Enron, they do not show expressions of intent to "deceive, manipulate, or defraud." *AUSA Life Ins. Co. v. Ernst and Young*, 206 F.3d 202, 220 (2d Cir.2000) (internal quotation marks omitted).

The more appropriate lens for understanding Plaintiffs' allegations is to evaluate whether they assert the kind of "conscious recklessness" that we have found to create a strong inference of scienter. *See Novak*, 216 F.3d at 312. We have explained that the requisite inference of intent may not be based on the types of motives shared by virtually all public companies and corporate insiders, but rather "may arise where the complaint sufficiently alleges that the defendants: (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor." *See id.* at 311 (internal cross-references omitted).

Plaintiffs' Complaint lacks adequate allegations that Defendants were undertaking the challenged transactions for motives other than long-term profitability through the cultivation of major clients. *Cf. Chill v. General Elec. Co.*, 101 F.3d 263, 268 (2d Cir.1996). The Complaint also does not sufficiently allege that Defendants were undertaking the challenged transactions with contemporaneous knowledge that its transactions with Enron and other prominent clients were illegal under generally accepted accounting principles or were proceeding "in a manner that easily can be foreseen to result in harm." *AUSA Life Ins. Co.*, 206 F.3d at 221.

Because we agree that the issue of scienter was not adequately pleaded, we need not reach the issue of the sufficiency of Plaintiffs' allegations of falsity under Federal Rule of Civil Procedure 9(b) and the PSLRA. Accordingly, we do not express a view on the district court's holdings with respect to the materiality and falsity requirements of Rule 10b–5. *But see Caiola v. Citibank, N.A., New York*, 295 F.3d 312, 329 (2d Cir.2002); *Suez Equity Investors, L.P. v. Toronto–Dominion Bank*, 250 F.3d 87, 99 (2d Cir.2001).

The remaining claims against the Individual Defendants invoke "control person" liability under Section 20(a) of the Exchange Act. Section 20(a) claims are necessarily predicated on a primary violation of securities law. *See Rombach v. Chang*, 355 F.3d 164, 177–78 (2d Cir.2004). If no primary violation of the securities laws has been shown, the Individual Defendants cannot be held liable under Section 20(a) control person liability as a matter of law. *Id.*

Plaintiffs' Complaint was thus properly dismissed.[2] Having considered each of Plaintiffs' arguments and finding them all to be without merit, we AFFIRM the judgment of the district court.

---

2. The district court granted Plaintiffs leave to amend their complaint. They chose not to do so, and we therefore affirm the disposition of the lower court without providing further leave to amend.